Daniel, J.
In a colloquium, relative to a trial before a magistrate of a State’s warrant against the defendant and two others, when and where the defendant had been *407 sworn and examined as a witness, the defendant said “ That Rineheardt (the plaintiff) had sworn falsely.” These words were, in law, to have that sense and meaning placed upon them by the Court and jury, that the bystanders affixed to them. The hearers of the said words spoken could not, from the subject matter of the conversation, understand the defendant to mean any thing else, than that the plaintiff had committed perjury, in his evidence on that trial. The words, spoken under the circumstances they were, were actionable of themselves, for they, in effect, charged the plaintiff with having committed wilful and corrupt perjury.
Secondly: The defendant offered the affidavit of Dow-dle, to shew to the Court, that the jury had misbehaved themselves in the manner of making up their verdict; and, on this affidavit, he moved that the verdict should be set aside and a new trial granted. The case sent up here only states, “ that the Court refused the motion.” We do not know upon what grounds the Judge refused the said motion; it may have been because he did not believe Dowdle. The defendant did not pray the Court to give the reason for rejecting the motion; and, as we cannot see that it was in fact over-ruled against law, we cannot say that there was any error in the judgment of the Judge upon this part of the case. We have often stated, that this Court cannot act upon affidavits offered in the Court below. It is the province of that Court exclusively to determine the facts, and we can only review so much of the judgment, as involves matters of law, strictly. We think the judgment must be affirmed.
Per Curiam. Judgment affirmed.